

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2006

# USA v. Fields

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Fields" (2006). *2006 Decisions.* Paper 410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4043

———

UNITED STATES OF AMERICA

v.

AUNDRA ENIDE FIELDS,
a/k/a
ANDRE ENIKE FIELDS,
a/k/a
ANDRE FIELDS,
a/k/a
AUNDRA ENIK FIELDS,
a/k/a
ONYX

Aundra Enide Fields,
                    Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 03-cr-00317
District Judge:  The Honorable Yvette Kane

———

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2006

———

Before: SCIRICA, Chief Judge, SLOVITER and BARRY, Circuit Judges

———

(Opinion Filed: September 28, 2006)

———

BARRY, <u>Circuit Judge</u>

Aundra Fields appeals from the District Court's judgment of sentence and conviction. Because we write only for the parties, who are already familiar with the facts of this case, we will not restate those facts except as necessary for our analysis. On April 6, 2005, a jury found Fields guilty of, *inter alia*, one count of distribution and possession with intent to distribute 50 grams or more of crack cocaine under 21 U.S.C. § 841(a)(1) (count one of the second superceding indictment), and three counts of possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c) (counts two, four, and five). At sentencing, the District Court found, over Fields' objection, that he had a prior felony drug conviction and was therefore subject to a 20-year mandatory minimum sentence on count one. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The Court sentenced Fields to 20 years on count one. His sentence in the aggregate totalled 75 years.

Fields filed this timely appeal.[1] He argues that insufficient evidence supported his convictions on counts two, four and five. He also argues that the District Court violated his Sixth Amendment right to trial by jury by enhancing the mandatory minimum sentence on count one. We reject both arguments, and will affirm.

First, there was sufficient evidence for the jury to find that, on three occasions,

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Fields possessed a firearm in furtherance of his drug trafficking. A violation of 18 U.S.C. § 924(c)(1) requires "firearm possession that furthers, advances, or helps forward the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000). In *Ceballos-Torres*, the Fifth Circuit found that a defendant's conviction under § 924(c)(1) was supported by sufficient evidence where the evidence demonstrated that the defendant illegally possessed a loaded, "easily accessible" firearm "along with a substantial amount of drugs and money." *Id.* "[T]hese factors reasonably support[ed] a finding that [defendant's] gun protected his drugs and money against robbery." *Id.*

On count two, police officers Richard Barth and Paul DeHart testified that upon arresting Fields on May 23, 2003, they discovered crack cocaine, $875.00 in cash, and a loaded, unlicensed, semi-automatic firearm in his possession. Additionally, an expert in narcotics investigations testified for the government that the items Fields was carrying are "consistent with drug distribution."

To support count four, two witnesses, Joseph Kelly and Joseph Caporusso, testified that they saw Fields place a gun on a table at which he was seated with two of his drug customers in order to communicate to them that he was serious about collecting drug money they owed him.

Finally, on count five, three witnesses—Kelly, Caporusso, and Tina Moore—testified that Fields held a gun to Caporusso's head because he believed Caporusso was setting him up to get caught by the police.

On the basis of this testimony, there was sufficient evidence to support the jury's verdict of guilty on three counts of 18 U.S.C. § 924(c)(1). The District Court did not err by denying Fields' Rule 29 motion for a judgment of acquittal.

We also reject Fields' second argument. His claim of a Sixth Amendment violation is squarely foreclosed by our ruling in *United States v. Ordaz*, 398 F.3d 236 (3d Cir. 2005). In *Ordaz*, we held, as did the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998), and despite the Court's later decision in *United States v. Booker*, 543 U.S. 220 (2005), that the fact of a prior conviction need not be found by a jury.

For the above reasons, we will affirm the judgment of conviction and sentence.